UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LANGENDERFER,[1]<br><br>Plaintiff,<br><br>v.<br><br>ROGER A. MILLER, et al.,<br><br>Defendants. | Case No. 24-cv-06526-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Pending before the Court is Defendants' motion to dismiss. Dkt. No. 13. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

I.  **BACKGROUND**

Pro se Plaintiff Geronimo Thomas Langenderfer filed this case in September 2024 against Defendants Thomas J. Madden, Nicholas Lumbreras, and Roger A. Miller, seeking approximately $8 million for breach of contract. *See* Dkt. No. 1 ("Compl."). Defendants Madden and Miller have moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 13.

II.  **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and "[t]hey possess only that power authorized by Constitution and

---

[1] The case caption is automatically generated by the Clerk's Office based on how the complaint is filed, but the Court notes that Plaintiff has referred to himself throughout his filings as "Head Chief Geronimo Thomas Langenderfer."

1  statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter
2  jurisdiction can never be forfeited or waived and federal courts have a continuing independent
3  obligation to determine whether subject matter jurisdiction exists." *See Leeson v. Transam.*
4  *Disability Income Plan*, 671 F.3d 969, 975, n.12 (9th Cir. 2012) (quotation omitted). The party
5  invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists.
6  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

### III.   DISCUSISON

Both the complaint and the opposition to the motion to dismiss are difficult to understand. But from what the Court can discern, Plaintiff argues that the Court has subject matter jurisdiction because (1) Defendants pay federal taxes and (2) this case involves an Indian tribe. *See* Dkt. No. 36.

*First*, Plaintiff appears to suggest that the Court has federal question jurisdiction under 28 U.S.C. § 1331 because Defendants "pay their federal taxes on the monies they obtained." *See id.* at 2. This is insufficient. Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Such jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, a case may "aris[e] under" federal law for the purpose of 28 U.S.C. § 1331 "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). In rare cases, a case may also "arise under" federal law where it "implicate[s] significant federal issues." *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Under *Grable*, a federal court may exercise jurisdiction over a state law claim only if (1) the action necessarily raises a federal issue that is (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Id.* at 313–14.

Here, however, Plaintiff has alleged that Defendants breached their contract with Plaintiff by failing to provide him "any of the monies owed" under their contract. *See* Compl. at 7; *see also id.* ("Miller and or Lumbreras and or Madden appear to have failed to adhere to the signed

Parkfield Contract . . . ."). Plaintiff seeks compensation for "the last two years of nonpayment." *Id.* at 8. Even assuming Defendants paid federal taxes on monies owed to Plaintiff, Plaintiff's claim in this case is based on Defendants' alleged failure to pay Plaintiff, and does not "arise under" any federal tax laws. Nor does the complaint appear to raise any substantial and disputed federal issue.

*Second*, Plaintiff contends that he "is a citizen of the Mendocino Indian Reservation" and represents the "Tribal Advisory Committee Board." *See* Compl. at 4. He further suggests that he entered into the contract at issue as a representative of the "Mendocino Indian Reservation." *See id.* at 5. To the extent Plaintiff suggests that a federal question is presented on the face of the complaint because he "is a citizen of the Mendocino Indian Reservation," *see id.* at 4, this too is insufficient. The Ninth Circuit has explained that "federal question jurisdiction does not exist simply because an Indian tribe or individual is a party." *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021). "Nor is there any general federal common law of Indian affairs." *Id.* (quotation omitted). Again, this appears to be a contract dispute that will require consideration of state law rather than the resolution of any federal issue.

In the complaint, Plaintiff appears to argue that the Court also has jurisdiction under 28 U.S.C. § 1362. *See id.* at 2. Under § 1362, "[t]he district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1362. As the statutory language makes clear, however, § 1362 still requires that a case arise under federal law.[2] *See Newtok*, 21 F.4th at 616. For the same reasons the Court lacks jurisdiction under § 1331, it similarly lacks jurisdiction under § 1362: Plaintiff's claim arises under state—not federal—law and the complaint does not present

---

[2] Section 1362 "was passed at a time when § 1331 had a monetary requirement similar to that now found in § 1332 and was intended to permit Indian tribes to proceed in federal court even when the jurisdictional amount could not be met." *See Ponca Tribe of Indians of Oklahoma v. Cont'l Carbon Co.*, 439 F. Supp. 2d 1171, 1174 (W.D. Okla. 2006) (citing 1966 U.S.C.C.A.N. 3145, 3146); *see also Gila River Indian Cmty. v. Henningson, Durham & Richardson*, 626 F.2d 708, 709–12, & n.2 (9th Cir. 1980). The Ninth Circuit has explained that "Sections 1331 and 1362 are now largely duplicative." *See Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021).

any substantial federal question.³  *Cf. Gila River*, 626 F.2d at 714–15 (affirming dismissal for lack of jurisdiction in case involving contract dispute with tribe).  Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction, and he has failed to do so here.⁴

## IV.    CONCLUSION

The Court therefore **GRANTS** the motion to dismiss.  Dkt. No. 13.  Out of an abundance of caution, the Court will grant Plaintiff one opportunity to amend his complaint to establish subject matter jurisdiction.  Plaintiff may therefore file an amended complaint within 30 days of the date of this order.  Plaintiff must clearly explain what federal question is raised by his claim against Defendants.  If he cannot do so, the case will be dismissed without prejudice to refiling in state court.

**IT IS SO ORDERED.**

Dated:    4/16/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

³ Section 1362 by its terms also only applies to Indian tribes "duly recognized by the Secretary of the Interior."  Plaintiff has provided no evidence that the "Mendocino Indian Reservation" is currently recognized by the Secretary of the Interior.  *Cf. Native Vill. of Tyonek v. Puckett*, 957 F.2d 631, 635 (9th Cir. 1992) ("An Indian community constitutes a tribe if it can show that (1) it is recognized as such by the federal government, or (2) it is a body of Indians of the same or a similar race, united in a community under one leadership or government, and inhabiting a particular though sometimes ill-defined territory.") (quotations and citations omitted).

⁴ To the extent the complaint also suggests that the Court has diversity jurisdiction under 28 U.S.C. § 1332, Compl. at 2, this is undermined by the allegations of the complaint.  District courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a)(1).  To properly invoke diversity jurisdiction, the defendant bears the burden of proving that the parties in the action are completely diverse, meaning that "each plaintiff [is] of a different citizenship from each defendant."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  Here, however, Plaintiff alleges that at least two Defendants are citizens of California, and that Plaintiff is a "citizen of the Mendocino Indian Reservation" in California.  *See* Compl. at 4.  Because individual "Indians are citizens of the States in which they reside," Plaintiff cannot establish complete diversity.  *See Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 18 (1987).  Even if a pro se plaintiff could somehow sue on behalf of a tribe, the Ninth Circuit has held that "an unincorporated Indian tribe is not a citizen of any state within the meaning of § 1332(a)(1)," and complete diversity therefore would not exist under such circumstances either.  *See Am. Vantage Companies, Inc. v. Table Mountain Rancheria*, 292 F.3d 1091, 1098 (9th Cir. 2002), *as amended on denial of reh'g* (July 29, 2002).