UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LANGENDERFER,[1]<br><br>Plaintiff,<br><br>v.<br><br>ROGER A. MILLER, et al.,<br><br>Defendants. | Case No. 24-cv-06526-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 44 |

Pending before the Court is Defendants' second motion to dismiss. Dkt. No. 44. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

I.  **BACKGROUND**

Pro se Plaintiff Geronimo Thomas Langenderfer filed this case in September 2024 against Defendants Thomas J. Madden, Nicholas Lumbreras, and Roger A. Miller, seeking approximately $8 million for breach of contract. *See* Dkt. No. 1. On April 16, 2025, the Court granted Defendants' motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 39. The Court concluded that Plaintiff failed to establish that the Court has subject matter jurisdiction. *See id.* The Court accordingly directed Plaintiff to file an amended complaint that "clearly explains what federal question is raised by his claim against Defendants." *See id.* at 4. The Court cautioned Plaintiff that if he could not do so then his case would be dismissed without prejudice to refiling in state court. *Id.*

---

[1] The case caption is automatically generated by the Clerk's Office based on how the complaint is filed, but the Court notes that Plaintiff has referred to himself throughout his filings as "Head Chief Geronimo Thomas Langenderfer."

1    Plaintiff filed an untimely amended complaint on June 16, 2025.  Dkt. No. 43 ("FAC").
2  Defendants move to dismiss under Rule 12(b)(1).  Dkt. No. 44.  As before, Defendants argue that
3  Plaintiff has failed to establish subject matter jurisdiction.  *Id.*

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the court's lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction," and "[t]hey possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject matter jurisdiction exists."  *See Leeson v. Transam. Disability Income Plan*, 671 F.3d 969, 975, n.12 (9th Cir. 2012) (quotation omitted).  The party invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

## III.   DISCUSSION

Much like the initial complaint, the FAC is difficult to follow.  Plaintiff still appears to bring a breach of contract claim against Defendants.  *See, e.g.*, FAC at 4, 9.  In the FAC and in his opposition brief, Plaintiff asserts that the Court has subject matter jurisdiction because this case involves a federal question under 28 U.S.C. § 1331.  *See generally* FAC; *see also* Dkt. No. 47.  But critically, and despite the Court's direction, Plaintiff still does not identify this federal question with any level of specificity.

Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331.  Such jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Thus, a case may "aris[e] under" federal law for the purpose of 28 U.S.C. § 1331 "when federal law creates the cause of action asserted."  *Gunn v. Minton*, 568 U.S. 251, 257 (2013).  The Supreme Court has recognized that in rare cases, a case may also "arise under" federal law where it "implicate[s] significant federal issues."  *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312

1  (2005). Under *Grable*, a federal court may exercise jurisdiction over a state law claim only if
2  (1) the action necessarily raises a federal issue that is (2) actually disputed, (3) substantial, and
3  (4) capable of resolution in federal court without disrupting the federal-state balance approved by
4  Congress. *Id.* at 313–14.

5        Plaintiff recites this case law in his papers, but does not offer any substantive explanation
6  of how it applies to his case. As the Court already explained in its prior order, Plaintiff's breach of
7  contract claim does not arise under federal law. *See* Dkt. No. 39 at 2–3. As best the Court can
8  discern, Plaintiff believes that federal law is somehow implicated by the underlying cannabis
9  contract at issue in this case. *See* FAC at 3. Plaintiff refers to himself as a "federal contractor,"
10 and suggests that he and Defendants entered into a "government contract." *See id.* at 4–5, 9; *see*
11 *also* Dkt. No. 47 (referencing a "Presidential Contract"). But Plaintiff's unsupported assertion that
12 this case implicates a government contract is not sufficient to support jurisdiction. Plaintiff urges
13 the Court to consider the exhibits he attaches to the FAC, but they do not provide any clarity.
14 Although some of the documents reference "federal licenses," it is still not clear why resolution of
15 the breach of contract claim in this case would raise a substantial federal issue or require
16 consideration of any federal law. Plaintiff vaguely asserts that his claim "will set a precedence"
17 [*sic*]. *See* Dkt. No. 47 at 6. This is not enough. Even liberally construing the FAC, it is simply
18 not clear what Plaintiff means by this.

19       To the extent Plaintiff suggests that a federal question is presented on the face of the
20 complaint because he is affiliated with a tribal government, Dkt. No. 47 at 6–7, the Court
21 previously rejected this argument. *See* Dkt. No. 39 at 3–4. The Ninth Circuit has explained that
22 "federal question jurisdiction does not exist simply because an Indian tribe or individual is a
23 party." *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021). "Nor is there any general
24 federal common law of Indian affairs." *Id.* (quotation omitted). Again, this appears to be a
25 contract dispute that will require consideration of state law rather than the resolution of any federal
26 issue. Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction, and
27 once again he has failed to do so.
28 //

## IV. CONCLUSION

The Court **GRANTS** the motion to dismiss. Dkt. No. 44. At this point, Plaintiff has had ample opportunity to amend the complaint and has failed to establish that the Court has subject matter jurisdiction. The Court therefore **DISMISSES** the case against Defendants without leave to amend and without prejudice to refiling in state court. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (quotations omitted); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.") (quotation omitted). The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 10/29/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge